IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REBECCA KOWALD, JOANN WINTER, ROBERT
ZEIER, JOHN GRUBER, WILLIAM CADWALLADER,
ROBERT WENTWORTH, RAYMOND BOYLE,
MICHAEL O'GRADY, DAVID THOM, and
CRYSTAL THOM,

        Plaintiffs,        OPINION and ORDER
 v.
                          19-cv-519-jdp

COLUMBIA COUNTY, PORTAGE COMMUNITY
SCHOOLS, CITY OF PORTAGE, VERN GOVE,
JOSEPH RUF, MARK HAZELBAKER, ROGER
BRANDNER, BENJAMIN OETZMAN, and
CHARLES F. CHURCH,

        Defendants.

---

   This case was severed from case number 18-cv-582-jdp, which was filed originally in the Circuit Court for Columbia County and removed to this court. In the original complaint in case number 18-cv-582-jdp, several plaintiffs sued more than 40 defendants associated with numerous local government entities for violations of their rights under the United States Constitution and state law. I severed the original case into seven different cases. In case number 19-cv-519-jdp, plaintiffs Rebecca Kowald, Joann Winter, Robert Zeier, John Gruber, William Cadawaller, Robert Wentworth, Raymond Boyle, Michael O'Grady, David Thom, and Crystal Thom contend that Wisconsin's harassment injunction statute, Wis. Stat. § 813.125, is unconstitutional. The defendants in this case are Columbia County, Portage Community Schools, City of Portage, Vern Gove, Joseph Ruf, Mark Hazelbaker, Roger Brandner, Benjamin Oetzman, and Charles Church.

Before the court are three motions to dismiss. First, defendant Mark Hazelbaker filed a motion to dismiss plaintiffs' challenge to the constitutionality of Wis. Stat. § 813.125. Dkt. 9. Second, defendants Columbia County, Portage Community Schools, Vern Gove, Joseph Ruf, Roger Brandner, Benjamin Oetzman, and Charles Church filed a motion to dismiss that adopts Hazelbaker's arguments about Wis. Stat. § 813.125. Dkt. 20. Third, defendant City of Portage filed a motion to dismiss that adopts Hazelbaker's arguments, seeks dismissal for failure to state a claim of count 5 and paragraph 158 of count 9 of the original complaint that was filed in 18-cv-582-jdp, and seeks dismissal for lack of standing of retaliation claims brought by all plaintiffs except O'Grady. Dkt. 15. The city also filed a motion to certify the constitutional question regarding § 813.125 to Wisconsin's attorney general under Rule 5 of the Federal Rule of Civil Procedure and 28 U.S.C. § 2403. Dkt. 21.

Before turning to the merits of the motions to dismiss, I must clarify for the parties the scope of this case. The only claim in this case is plaintiffs' claim challenging the constitutionality of Wis. Stat. § 813.125. Therefore, the city's motion to dismiss count 5 and paragraph 158 of count 9 is unnecessary, because those counts do not challenge the constitutionality of § 813.125. Also, I already dismissed the claims in those counts in the order severing these cases. Dkt. 1; *Kowald v. Columbia Cty.*, No. 18-CV-582-JDP, 2019 WL 1332583, at *3 (W.D. Wis. Mar. 25, 2019) (dismissing "plaintiffs' claim that several defendants failed to prevent others from conspiring to violating plaintiffs' rights (Count 5)" and "plaintiffs' claim that several defendants conspired under 42 U.S.C. § 1985(3) to violate their rights . . . (Count 9)"). The city's motion to dismiss retaliation claims for lack of standing is also unnecessary, because there are no retaliation claims in this case. Plaintiffs' retaliation claims were assigned

to case number 19-cv-518-jdp. Therefore, I will address the city's standing arguments and plaintiffs' arguments regarding their retaliation claims in a separate order in 19-cv-518-jdp.

Defendants' argument that Wisconsin's harassment injunction statute is constitutional is properly raised in this case. Under Wis. Stat. § 813.125, a court may grant a harassment injunction if there are "reasonable grounds to believe that the respondent has engaged in harassment with intent to harass or intimidate the petitioner." Wis. Stat. § 813.125(4)(a)3. Harassment is defined as any of the following:

> 1. Striking, shoving, kicking or otherwise subjecting another person to physical contact; engaging in an act that would constitute abuse under s. 48.02(1), sexual assault under s. 940.225, or stalking under s. 940.32; or attempting or threatening to do the same.
>
> 2. Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose.

*Id.* § 813.125(1).

Defendants contend that plaintiffs have failed to state a claim challenging the constitutionality of § 813.125, because that statute provides adequate procedural due process and First Amendment protections. In response, plaintiffs contend that § 813.125 is unconstitutional for several reasons.

First, plaintiffs argue that they were not given adequate process when they were served with a harassment injunction petition. Plaintiffs do not argue that the statute itself fails to provide adequate procedural protections. Instead, they allege that they were served with a defective harassment petition that did not provide the information required by the statute. But an allegation that defendants failed to comply with state law notice requirements is not

sufficient to state a claim under federal law. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit.").

Second, plaintiffs argue that the statute is unconstitutional because it has been interpreted to permit government entities, not just individuals, to seek injunctions. But plaintiffs do not explain why permitting government entities to seek injunctions renders the statute unconstitutional. Wisconsin courts have long interpreted § 813.125 as protecting governmental entities, institutions, and individuals. *Bd. of Regents-UW Sys. v. Decker*, 2014 WI 68, ¶ 26, 355 Wis. 2d 800, 850 N.W.2d 112 (holding that University of Wisconsin Board of Regents could seek injunction under § 813.125); *Vill. of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 783, 565 N.W.2d 586, 588 (Ct. App. 1997) (holding that § 813.125 can protect a municipal corporation). Plaintiffs' disagreement with how § 813.125 has been interpreted by Wisconsin courts raises an issue of state law, not federal constitutional law.

Third, plaintiffs contend that the injunction statute infringes on their First Amendment right to free speech, because it can be used to enjoin them from filing John Doe petitions, open record requests, and lawsuits. But § 813.125 does not target speech. It does not expressly preclude anyone from filing John Doe petitions, open record requests, lawsuits, or engaging in speech that is critical of governmental decisions. The statute only prohibits conduct that is harassing, intimidating, or threatening, *and* which serves no legitimate purpose. The First Amendment does not protect such conduct. "The First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 759 F. Supp. 1339, 1353 (W.D. Wis. 1991) (*quoting Heffron v. International Soc'y for Krishna Consciousness*, 452 U.S. 640, 646–47 (1981)). *See United States v. Parr*, 545 F.3d 491, 496–497

4

(7th Cir. 2008) ("[T]he First Amendment does not preclude restrictions on certain categories of speech having little or no social value. . . ."); *In re Stonegate Sec. Servs., Ltd.*, 56 B.R. 1014, 1018 (N.D. Ill. 1986) ("It is not unconstitutional to prohibit harassing conduct, even if that conduct involves verbal components."). Therefore, § 813.125 is not unconstitutional on its face. *Decker*, 2014 WI 68, ¶ 45 (rejecting protester's First Amendment challenge to § 813.125 and concluding that the "right to protest on UW property can be restricted when [protester] engages in harassment with the intent to harass or intimidate.").

Plaintiffs also have not alleged facts suggesting that the statute is unconstitutional as applied to them. Plaintiffs argue that their litigation and advocacy does not rise to the level of "harassing" conduct contemplated by the statute. But whether plaintiffs' conduct met the statutory definition of harassment is not a First Amendment question, but rather, is a question that depends on the specific facts presented in the state courts that considered defendants' injunction petition. Whether the state courts abused their discretion in entering temporary restraining orders or injunctions is also a matter of state law, and does not implicate the federal constitution. Therefore, plaintiffs have failed to allege facts to support a claim that § 813.125 is unconstitutional on its face or as applied to them.

Fourth, plaintiffs contend that because the harassment injunction statute permits a court to enter an injunction without factual findings by a jury, the statute deprives plaintiffs of their constitutional right to a trial by jury. But this argument fails to state a federal claim for relief because the federal Constitution does not guarantee the right to a trial by jury in a civil action in state court. *Curtis v. Loether*, 415 U.S. 189, 192 (1974) ("The Court has not held that the right to jury trial in civil cases is an element of due process applicable to state courts through

the Fourteenth Amendment."). In addition, there is no constitutional right to a jury trial in an action for purely injunctive relief. *United States v. LeBeau*, 985 F.2d 563 (7th Cir. 1993).

In sum, plaintiffs have allege any facts or present any legal arguments to support their claim that Wis. Stat. § 813.125 is unconstitutional. Accordingly, I will grant defendants' motion to dismiss that claim. Because it is the only claim in this case, this case will be closed.

ORDER

IT IS ORDERED that:

1. Defendant City of Portage's motion to dismiss, Dkt. 15, is GRANTED IN PART and DENIED IN PART, as set forth above.

2. The motions to dismiss filed by defendants Mark Hazelbaker, Dkt. 9, and Charles Church, Benjamin Oetzman, Roger Brandner, Joseph Ruf, Vern Grove, Portage Community Schools, and Columbia County, Dkt. 20, are GRANTED.

3. City of Portage's motion to certify constitutional question, Dkt. 21, is DENIED as moot.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered January 8, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge